## THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA
## OKLAHOMA CITY DIVISION

| | |
|---|---|
| COURTNEY LUSK | |
| Plaintiff, | ) JURY TRIAL DEMANDED |
| | ) |
| | ) |
| v. | ) Case No. CIV-24-381-R |
| | ) |
| MIDLAND CREDIT MANAGEMENT, | ) |
| INC., | ) |
| Defendant, | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I.    INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Courtney Lusk, an individual consumer, against Defendant Midland Credit Management, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively

1

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *Id.*

3.    The FDCPA is a strict liability standard and generally does not require proof of intentional violation. *See Stratton v. Portfolio Recovery Assocs., L.L.C.*, 770 F.3d 443 (6th Cir. 2014); *Tourgeman v. Collins Fin. Services, Inc.*, 755 F.3d 1109 (9th Cir. 2014); *Glover v. F.D.I.C.*, 698 F.3d 139 (3d Cir. 2012); *Easterling v. Collecto, Inc.*, 692 F.3d 229 (2d Cir. 2012).

4.    Even a single violation of the FDCPA is sufficient to support liability. *Taylor vs. Perrin, Landry, deLaunay, & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997).

5.    "In enacting the FDCPA, Congress recognized that abusive debt-collection practices may intrude on another's privacy interests. *See* 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to . . . invasions of individual privacy.")[1] *Elizabeth Lupia v. Medicredit, Inc.*, No. 20-1294 (10th Cir. 2021).

6.    The Supreme Court recently cited "intrusion upon seclusion" as a harm "traditionally recognized as providing a basis for [a] lawsuit in American courts." *TransUnion LLC*, 141 S. Ct. at 2204 (citing *Gadelhak v. AT&T*

---

[1] *See also Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 81 (2d Cir. 2018) ("Congress enacted the FDCPA to protect against the abusive debt collection practices likely to disrupt a debtor's life." (internal quotation marks and citation omitted))."

*Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020) (Barrett, J.), *cert denied*, No. 20-209, 2021 WL 1521010 (U.S. Apr. 19, 2021)).

## II.    JURISDICTION AND VENUE

7.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue in this District is proper in that the Defendants transact business in Oklahoma City, Oklahoma County, Oklahoma, and the conduct complained of occurred in Oklahoma City, Oklahoma County, Oklahoma.

## III.    PARTIES

9.    Plaintiff Courtney Lusk (hereinafter "Ms. Lusk") is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma.

10.    Ms. Lusk is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

11.    Upon information and belief, Defendant Midland Credit Management Inc., is a California corporation with its principal place of business located at 350 Camino De La Reina, Ste. 100, San Diego, CA 92108.

12.    Defendant Midland Credit Management Inc. is engaged in the collection of debt from consumers using the mail and telephone.

13.    Defendant Midland Credit Management Inc. regularly attempts to collect consumers' debts alleged to be due to others.

3

14.    Defendant Midland Credit Management Inc. (hereinafter referred to as "MCM") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTS OF THE COMPLAINT

15.    After receipt of a dunning letter, Ms. Lusk mailed MCM a certified letter on or about December 9, 2023, informing it that she disputed the debt and that the only way to conveniently contact her was via email.

16.    Ms. Lusk provided her email address in the letter.

17.    Upon information and belief, MCM received Ms. Lusk's letter on December 13, 2023.

18.    On or about December 21, 2023, Ms. Lusk received additional correspondence from MCM through the mail.

19.    MCM's refusal to adhere to Ms. Lusk's request constitutes a purposeful attempt to contact her at an inconvenient place and is tantamount to an attempt to intimidate, harass, and oppress Ms. Lusk.

20.    Ms. Lusk has suffered actual damages as a result of the actions and inactions of the debt collectors.

21.    MCM's actions created an invasion of Ms. Lusk's right to privacy.

22.    MCM's improper communications were an intrusion upon the seclusion of Ms. Lusk.

23.    The intrusions involved a private debt collection matter and caused Ms. Lusk stress-related injuries (such as frustration, irritability, and loss of sleep).

24.    Debt Collector's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon vs. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## V.    FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1692c(a)(1)

25.    Ms. Lusk re-alleges and reincorporates all previous paragraphs as if fully set out herein.

26.    MCM violated the FDCPA.

27.    MCM's violations include, but are not limited to, the following:

   MCM violated 15 U.S.C. § 1692c(a)(1) of the FDCPA by communicating with Ms. Lusk at a place MCM knew or should've known was not convenient.

28.    As a result of the above violations of the FDCPA, MCM is liable to Ms. Lusk for actual damages, statutory damages, and costs.

## VII.   JURY DEMAND AND PRAYER FOR RELIEF

   WHEREFORE, Plaintiff Courtney Lusk respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the MCM for:

   A. Judgment that MCM violated the FDCPA;

5

B.  Actual damages pursuant to 15 U.S.C. § 1692k(1)(2);

C.  Statutory damages pursuant to 15 U.S.C. § 1692k(2);

D.  Cost and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3);

E.  For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**Law By JW, LLC**
1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@lawbyjw.com

By: _____
JEFFREY A. WILSON

7