IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) COURTNEY LUSK, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. CIV-24-381-R |
| (1) MIDLAND CREDIT MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S
MOTION TO DISMISS AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Plaintiff Courtney Lusk filed this action against Defendant Midland Credit Management, Inc. alleging a single claim for relief – that Midland violated 15 U.S.C. § 1692c(a)(1) of the Fair Debt Collection Practices Act "by communicating with Ms. Lusk at a place [Midland] knew or should've known was not convenient," Amended Complaint, Doc. 15, ¶ 33, when Midland sent Ms. Lusk a letter through the mail. The Amended Complaint fails to state a claim for relief under the FDCPA and should be dismissed with prejudice.

**STATEMENT OF ALLEGATIONS**

The pertinent allegations of the Amended Complaint are the following:

15. After receipt of a dunning letter, Ms. Lusk mailed MCM a certified letter on or about December 9, 2023, informing it that she disputed the debt and that the only way to conveniently contact her was via email.

16. Ms. Lusk provided her email address in the letter.

17. MCM regularly communicates with alleged debtors through email.

> 18. Upon information and belief, MCM received Ms. Lusk's letter on December 13, 2023.
>
> 19. Upon receipt of the letter, MCM knew or should have know that Ms. Lusk's home was not a convenient place to send communications.
>
> 20. Despite this, on or about December 21, 2023, MCM disregarded the information contained in Ms. Lusk's letter and mailed an additional dunning letter to Ms. Lusk's house seeking to collect the alleged debt.

Amended Complaint, Doc. 1, ¶¶ 15-20. Based upon these allegations Plaintiff alleges the following claim for relief:

> 27. MCM's violations include, but are not limited to, the following:
>
> MCM violated 15 U.S.C. § 1692c(a)(1) of the FDCPA by communicating with Ms. Lusk at a place MCM knew or should've known was not convenient.

*Id.*, ¶ 33.

The letter Ms. Lusk sent to Midland (referenced in ¶ 15 of Plaintiff's Amended Complaint) is attached at Exhibit 1. The letter Midland sent to Ms. Lusk (referenced in ¶ 20 of Plaintiff's Amended Complaint) is attached at Exhibit 2.

## STANDARD OF REVIEW

"In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must determine whether the plaintiff has stated a claim upon which relief may be granted." *Gallegly v. Cordell Memorial Hospital Foundation*, 2022 WL 16936049, at *2 (W.D. Okla. Nov. 14, 2022). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face." *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To establish a violation of the FDCPA, a plaintiff must show that (1) she is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) her debt arises out of a transaction entered into primarily for personal, family, or household purposes, as required by 15 U.S.C. § 1692a(5); (3) the defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant, through its acts or omissions, violated a provision of the FDCPA. *Jackson v. First Financial Investment Fund, LLC*, 2022 WL 170136, at *2 (D. Utah Jan. 19, 2022). *See also Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d. Cir. 2014). This Motion addresses only the last element – that Plaintiff has not and cannot plead a violation of the FDCPA.

In addition to considering the allegations of the Amended Complaint, the Court may also consider documents referred in the Amended Complaint which are central to the Plaintiff's claim. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-5 (10th Cir. 1987) ("if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."); *Christopher Justus French v. Oklahoma County Detention Center*, 2019 WL 654342, at *2 (W.D. Okla. Jan. 31, 2019).

## ARGUMENTS AND AUTHORITIES
**Plaintiff fails to state a claim for relief under 15 U.S.C. § 1692c(a)(1).**

Plaintiff alleges she wrote Midland a letter stating that the only way to conveniently contact her was via email, and Midland subsequently sent her correspondence through the mail in violation of 15 U.S.C. § 1692c(a)(1). 15 U.S.C. § 1692c(a)(1) provides that a debt

collector may not communicate with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." The facts pled by Plaintiff do not support a claim for violation of § 1692c(a)(1) for communicating at any unusual time or place or at a time or place known to be inconvenient to Plaintiff.

Plaintiff alleges that the December 9, 2023 letter she sent to Midland informed Midland "that the only way to conveniently contact her was via email." The letter does not contain any information that would put Midland on notice of an "unusual time or place" – the first two parts of the statutory restriction under § 1692c(a)(1). Nor does the letter provide notice of a time or place "which should be known to be inconvenient to the consumer," the third part of the restriction, given that the letter identifies no time or place as "inconvenient." Instead, the letter says only that a specific "medium" of communication is more convenient than other "mediums" of communication. Courts which have considered a claim similar to the claim asserted by Plaintiff here hold that such allegations do not state a claim for relief under § 1692c(a)(1).

In *Marks v. Javitch Block LLC*, 2024 WL 838709 (E.D. Tex. Feb. 27, 2024) (Report & Recommendation of Magistrate) and 2024 WL 1134037 (E.D. Tex. March 14, 2024) (Order Adopting Report & Recommendation), the plaintiff made a claim identical to the claim here – that he received a letter from a debt collector, he sent the debt collector a letter stating he disputed the debt and the only way to conveniently contact him was via email, he then received another letter from the debt collector at home through the mail, and the receipt of this second letter intruded upon his privacy and was distressing. The Court noted

that "the FDCPA defines communication as 'the conveying of information regarding a debt directly or indirectly to any person *through any medium,*'" 2024 WL 1134037 at *2 (citing 15 U.S.C. § 1692a(2)) (emphasis the Court's), and that "the FDCPA distinguishes between a preference in medium and a consumer's right to not be contacted at a time or place known to be inconvenient." *Id.* The Court rejected the plaintiff's argument that the physical nature of the mail intruded into his personal and private space, noting that the plaintiff did not state that the *time* the letter was received or the *place* it was received – his home – was inconvenient, but rather the *medium* of the communication – the letter – caused harm. The Court further noted that the plaintiff's pleading did not even state what time the letter was received, why that time was inconvenient, or why the defendant should have known that time of receipt was inconvenient. In *Marks*, like here, the plaintiff did not even provide an exact date of when the letter was received, but alleged only that the letter was "received [o]n or about October 30, 2023." *Id.* at *2.[1] The Court dismissed the plaintiff's claim with prejudice for failure to state a violation under the FDCPA.

In *Loyd v. Midland Credit Management, Inc.*, No. 1:23-cv-5727 (N.D. Ga. May 16, 2024) (Order appended at Ex. 3), the court, like the court in *Marks,* rejected the plaintiff's argument that the defendant violated the FDCPA by communicating with him by mail rather than email. The *Loyd* Court held:

---

[1]  In Plaintiff's original Complaint she similarly alleged "[o]n or about December 21, 2023, Ms. Lusk received additional correspondence from MCM through the mail." Plaintiff's Complaint at ¶ 18. In her Amended Complaint she doesn't allege any date of receipt of the letter, only the date the letter was mailed by Midland. Amended Complaint, ¶ 20.

5

> Failure to comply with the Plaintiff's preference for email rather than postal mail is a not a violation of the Fair Debt Collection Practices Act. Email or postal mail involve two different mediums of communication. Use of one or the other by a debt collector does not violate the consumer's right not to be contacted at a time or place known to be inconvenient.

Order at 2-3.

Similarly, in *White v. LVNV Funding, LLC,* 2024 WL 365404 (D. Nev. Jan. 30, 2024), the court rejected the plaintiff's FDCPA claim under similar facts. In granting the debt collector's motion to dismiss, the *White* Court stated:

> Here, Plaintiff simply alleges that it was not convenient to receive a letter and that she asked to be emailed. But the statute does not require that the debt collector comply with Plaintiff's preferences. Instead, it simply prohibits communications at unusual times or places which should be known to be inconvenient to the consumer. Plaintiff fails to allege any facts supporting the conclusion that her receipt of the letter constituted a communication "at [an] unusual time or place ... which should be known to be inconvenient to the consumer."

*Id.* at *2.

As the *Marks, Loyd*, and *White* courts make clear, email is a medium of communication, not a place. Plaintiff's letter to Midland bears that out, stating "the only convenient *way* to contact me is via email." Ex. 1 (emphasis added); Amended Complaint, ¶ 15. Plaintiff does not say "time," "place," or "location" in her letter, but "way," *i.e.,* "manner or method." *See* definition of "way," Merriam Webster, https://www.merriam-webster.com/dictionary/way (last visited June 20, 2024).

Nothing in the FDCPA speaks to the medium by which a debt collector may communicate with a consumer. *See* 15 U.S.C. § 1692c. The plain text of § 1692c(a)(1) prohibits only communications at inconvenient times and places. Since email is neither a

time nor a place, Plaintiff has not alleged receipt of a communication at an inconvenient time or place.  *See Marks*, at *2; *White*, at *2; *Loyd*, Order at 2.[2]

## CONCLUSION

The Court should dismiss Plaintiff's Amended Complaint for failure to state a claim under 15 U.S.C. § 1692c(a)(1).  Moreover, as the *Marks* Court held, leave to amend would be futile and therefore the dismissal should be with prejudice.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL &
ANDERSON, L.L.P.

*/s/Jon E. Brightmire*
Jon E. Brightmire, OBA No. 11623
Two West Second Street, Suite 700
Tulsa, OK  74103-3117
(918) 591-5258 – *Telephone*
(918) 925-5258 – *Facsimile*
jbrightmire@dsda.com

*Attorneys for Defendant,
Midland Credit Management, Inc.*

---

[2]  Midland notes that another case involving the same allegations and issues present here is pending before Judge Palk.  *See Charisma Jones v. American Collection Services, Inc. and Works & Lentz, Inc.*, Case No. CIV-24-50-SLP.  In that case defendant Works & Lentz filed a motion to dismiss both the original Complaint and the Amended Complaint, and its motion to dismiss the Amended Complaint is pending as of the date of the filing of this motion.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 24, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

      Jeffrey A. Wilson
      *jeff@lawbyjw.com*

                                            */s/Jon E. Brightmire*

8412198.1