# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

<table>
<tr><td>(1) COURTNEY LUSK,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff,</td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>Case No. CIV-24-381-R</td></tr>
<tr><td>(1) MIDLAND CREDIT</td><td>)</td><td></td></tr>
<tr><td>MANAGEMENT, INC.,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant.</td><td>)</td><td></td></tr>
</table>

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Midland Credit Management, Inc. submits the following reply in support of its Motion to Dismiss.

### A. Plaintiff never communicated to Midland that it should not communicate with her at her home.

Plaintiff claims she sent Midland a certified letter informing Midland that the only convenient way to contact her was via email. Am. Compl. (Doc. 15), ¶ 15. In her Response Brief, Plaintiff claims that "[w]hen [Plaintiff's] letter was received, [Midland] was put on notice that it would be inconvenient to continue to mail [Plaintiff] dunning letters at her home." Resp. Br. (Doc. 20), p. 7. Plaintiff's letter did no such thing. Rather, Plaintiff's letter simply stated a preference related to the *medium* of communication – mail versus email – not the *place* of communication. Indeed, Plaintiff may very well receive and open her emails at her home. *See, e.g., Marks v. Javitch Block, LLC*, 2024 WL 838709, at *3 (E.D. Tex. Feb. 27, 2024) (Report & Recommendation of Magistrate) (noting that "Plaintiff does not allege that he would find receiving an email at his home at the same time the letter was received at his home to be inconvenient, meaning his dispute is with the chosen

medium of communication."). Accordingly, Plaintiff's argument lacks merit because Midland was not put on notice that receiving communications at home was inconvenient to Plaintiff.

In any event, as demonstrated in Midland's opening brief, 15 U.S.C. § 1692c(a)(1) addresses time and place, not medium, of communications. Every court to consider facts similar to those pled by Plaintiff have dismissed the plaintiff's § 1692c(a)(1) claim, and this Court should do the same.

### B. Regulation F does not save Plaintiff's Amended Complaint.

Plaintiff attempts to salvage her claim by citing a section of Regulation F which implements the FDCPA, specifically 12 C.F.R. § 1006.14(h)(1) of Regulation F. Section 1006.14(h)(1) provides that "a debt collector must not communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person." Section 1006.14(h)(1) does not save plaintiff's claim for several reasons.

First, Regulation F merely provides interpretation of the FDCPA's statutory provisions; it does not provide for an independent cause of action. *See, e.g., Doss v. Citizens Savings & Trust Co.,* 2020 WL 9935823, *4 (M.D. Tenn. Jan. 3, 2020) ("Regulation F is a narrow regulatory provision" and "[t]he regulation is simply not applicable to the facts alleged by Plaintiff, nor does it provide for a private cause of action."). Regulation F does not enlarge a debtor's rights under the FDCPA.

Second, the section of Regulation F cited by Plaintiff - § 1006.14(h)(1) – does not address the section upon which Plaintiff has sued Midland, § 1692c(a)(1). Rather, it

addresses          §          1692d.          *See*          https://www.consumerfinance.gov/rules-policy/regulations/1006/interp-14/ (last visited August 16, 2024) ("Section 1006.14(a), which implements FDCPA section 806 (15 U.S.C. 1692d), sets forth a general standard that prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. The general prohibition covers the specific conduct described in § 1006.14(b) through (h) . . . .").

Third, Plaintiff claims that "[i]n each case that [Midland] cites as authority, the respective Plaintiffs simply failed to make the Court aware of Reg. F § 1006.14(h)." Resp. Br. (Doc. 20), p. 9. That is incorrect. The plaintiff in *Marks* cited and quoted the entirety of § 1006.14(h)(1) in her response to the defendant's motion to dismiss. *Marks v. Javitch Block LLC*, Case No. 23-CV-431, Plaintiff's Response to Defendant's Motion to Dismiss filed Dec. 26, 2023 (Doc. 6 at p. 4). So that argument was before the *Marks* Court.

Fourth, even if § 1006.14(h)(1) was somehow applicable, the following section provides certain exceptions to its application. Section 1006.14(h)(2) provides:

(2) Exceptions.   Notwithstanding the prohibition in paragraph (h)(1) of this section:

                                             ***

(ii)     If a person initiates contact with a debt collector using a medium of communication that the person previously requested the debt collector not use, the debt collector may respond once through the same medium of communication used by the person; . . .

12 C.F.R. § 1006.14(h)(2). Plaintiff's Amended Complaint states that Plaintiff mailed Midland a letter on December 9, 2023, informing Midland the only way to conveniently contact her was by email (¶ 15); Midland received Plaintiff's letter on December 13 (¶ 18);

and after Midland received Plaintiff's letter providing her email address, on December 21, 2023, Midland mailed Plaintiff an additional letter (¶ 20). Plaintiff's Amended Complaint does not identify any other letters sent by Midland to Plaintiff. Accordingly, even if Regulation F applies, Midland was permitted to send the December 21, 2023 letter to Plaintiff under § 1006.14(h)(2)(ii).[1]

Indeed, that is what the Court held in *Kirk v. Credit Management L.P.*, 2024 WL 3240564 (M.D. Ala. June 28, 2024), the latest case to dismiss a § 1692c(a)(1) claim brought by a plaintiff under facts nearly identical to those in this case. *Kirk* first found the reasoning of the *Marks*' Court persuasive that the plaintiff's request addressed the medium of communication, not the time and place. *Kirk*, at *2. In addition, in *Kirk* the plaintiff raised the argument raised by Plaintiff here that the debt collector violated § 1692c(a)(1) in light of § 1006.14(h)(1) of Regulation F. The *Kirk* Court held that the exception found in § 1006.14(h)(2)(ii) permitted the debt collector to contact the plaintiff once via letter, and therefore the defendant did not violate Regulation F. The *Kirk* Court granted judgment to the debt collector as a matter of law because the plaintiff failed to plead that the debt collector's letter was a communication at an unusual time or place, and in any event the debt collector's letter fell within an exception to § 1006.14(h).

---

[1] Midland's December 21 letter, appended as Exhibit 2 to Midland's Motion to Dismiss, acknowledged Plaintiff's dispute and states "[i]n the meantime, as previously requested by you, we will no longer be contacting you regarding this account by phone or in writing unless required by law or you request that we resume communications." Ex. 2, p. 1.

Similarly, here Plaintiff has failed to allege facts to establish a violation of § 1692c(a)(1), whether or not Regulation F applies, and Midland is therefore entitled to judgment as a matter of law dismissing the Amended Complaint.

## CONCLUSION

Courts which have considered the claim brought by Plaintiff – *Marks, Loyd, White,* and now *Kirk* – have all held that the facts alleged by Plaintiff fail to state a claim as a matter of law under § 1692c(a)(1).  For the reasons stated above and in Midland's opening brief, this Court should do the same.  Plaintiff's Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

*/s/Jon E. Brightmire*
Jon E. Brightmire, OBA No. 11623
Two West Second Street, Suite 700
Tulsa, OK  74103-3117
(918) 591-5258 – *Telephone*
(918) 925-5258 – *Facsimile*
jbrightmire@dsda.com

*Attorneys for Defendant,*
*Midland Credit Management, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 16, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jeffrey A. Wilson
*jeff@lawbyjw.com*

*/s/Jon E. Brightmire*

8435568.1