IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COURTNEY LUSK ) | |
|           Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-24-381-R |
| ) | |
| MIDLAND CREDIT MANAGEMENT, ) | |
| INC., ) | |
|           Defendant. ) | |

**ORDER**

    Before the Court is Defendant Midland Credit Management, Inc.'s Rule 12(b)(6) Motion to Dismiss (Doc. No. 17), as well as Plaintiff Courtney Lusk's Motion to Strike (Doc. No. 19). Both motions are fully briefed and at issue (Docs. No. 20-22). For the reasons set forth below, Ms. Lusk's Motion to Strike is DENIED, and MCM's Motion to Dismiss is GRANTED.

**I.    Background**

    Ms. Lusk alleges that following receipt of a dunning letter from MCM, she sent a letter to MCM via certified mail on or about December 9th, 2023, disputing the debt and informing the company that the only way to conveniently contact her was by email (Doc. No. 15, ¶ 15). She claims that MCM received this letter on December 13th, 2023 (Doc. No. 15, ¶ 18). Ms. Lusk further states that on or about December 21st, 2023, MCM mailed an additional dunning letter to her home despite her December 9th letter directing email as the only convenient means of communication (Doc. No. 15, ¶ 20). She contends that this second letter violated 15 U.S.C. § 1692c(a)(1) and seeks actual and statutory damages. (Doc. No. 15, ¶ 1). MCM subsequently filed the subject Motion to Dismiss (Doc. No. 17).

1

During the pendency of MCM's Motion to Dismiss, Ms. Lusk improperly filed a Motion to Strike both letters, which were included as exhibits in MCM's Motion to Dismiss (Doc. No. 19). The Court will briefly address the Motion to Strike before moving to MCM's Motion to Dismiss.

## II. Motion to Strike

Ms. Lusk's Motion to Strike is an inappropriate filing and is summarily denied.[1] "'Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, … memoranda, objections, or affidavits may not be attacked by the motion to strike.'" *Dotson v. Energy Future Holdings Corp.*, 2018 WL 2107202, at *2 (W.D. Okla. May 7, 2018) (internal citations omitted). Here, Ms. Lusk seeks to strike the letters included as exhibits in MCM's Motion to Dismiss. As stated in *Dotson*, a motion is not a "pleading" that may be attacked by a motion to strike. Accordingly, Ms. Lusk's Motion to Strike is DENIED.

## III. Motion to Dismiss

### A. Legal Standard

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, the Court must "accept as true all well-pleaded factual allegations…and view these

---

[1] In addition to being inappropriately filed, Ms. Lusk claims that the exhibits were included in MCM's "motion for judgment on the pleadings" (Doc. No. 19, ¶ 6). MCM never filed such a motion. Furthermore, Ms. Lusk filed her Motion to Strike under Rule 12(d). Motions to strike are governed by Rule 12(f) and this Order follows the standard set forth in Rule 12(f).

allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

**B. Discussion**

"To prevail on a claim under the FDCPA, [a] plaintiff must demonstrate that: 1) she is a consumer; 2) defendant is a debt collector; 3) defendant's challenged practice involves an attempt to collect a debt as the Act defines it; and 4) defendant, through its acts or omissions, violated a provision of the FDCPA in attempting to collect the debt." *Douglas v. NCC Bus. Serv., Inc.*, 405 F.Supp.3d 1257, 1261 (W.D. Okla. 2018) (internal citations omitted).

In the present action, the first three elements are conceded by MCM, and thus are not at issue (Doc. No. 17, p. 3). The Court focuses its inquiry on the final element—that is, whether MCM violated a provision of the FDCPA when it sent Ms. Lusk a second dunning letter following her instruction that email was the only convenient means of

3

communicating with her. Ms. Lusk premises her claim on 15 U.S.C. § 1692c(a)(1) and thus will be analyzed under the statute accordingly. In doing so, the Court recognizes that "[t]he FDCPA is a remedial statute and should be construed liberally in favor of the consumer." *Douglas*, 405 F.Supp.3d at 1261 (W.D. Okla. 2018) (internal citations omitted).

15 U.S.C. § 1692c(a)(1) "places limits on *when* and *where* a debt collector may communicate with a consumer…" *Marks v. Javitch Block LLC*, 2024 WL 1134037, at *2 (E.E. Tex. Mar. 14, 2024) (emphasis added). The section reads as follows:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt…at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location[.]

15 U.S.C. § 1692c(a)(1).

MCM argues that because email is not a "time or place" but rather a "medium," Ms. Lusk's Complaint cannot plausibly state a claim for relief under the statute (Doc. No. 17, p. 4). To support its argument, MCM directs the Court to three district court cases from across the country, each holding that email is a "medium" of communication, rather than a "time or place," and thus the plaintiff in each brought no viable claim under the statute (Doc. No. 17, pp. 4-6).[2] In its Reply (Doc. No. 21), MCM presents another recently decided

---

[2] *See Marks v. Javitch Block LLC*, 2024 WL 838709 (E.D. Tex. Feb. 27, 2024), *report and recommendation adopted*, *Marks v. Javitch Block LLC*, 2024 WL 1134037 (E.D. Tex. March 14, 2024) *Loyd v. Midland Credit Mgmt., Inc.*, No. 1:23-cv-5727 (N.D. Ga. May 16, 2024); *White v. LVNV Funding, LLC*, 2024 WL 365404 (D. Nev. Jan. 30, 2024).

4

There is no such protection for *how* consumers may be contacted.[4]

This determination necessarily forecloses Ms. Lusk's first argument. Ms. Lusk contends that her letter put MCM on notice that her home was an inconvenient place to send communications. However, as MCM notes, Ms. Lusk "may very well receive and open emails at her home" (Doc. No. 21, p. 1). The *Marks* Court was presented with a similar argument. It noted that the consumer "[did] not allege that he would find receiving an email at his home at the same time the letter was received at his home to be inconvenient, meaning his dispute is with the chosen medium of communication." *Marks*, 2024 WL 838709, at *3. Here, Ms. Lusk's dispute is similarly based on the medium through which MCM communicated with her—not the location to which it sent the correspondence. And while it is true that Ms. Lusk's letter implies that her home is an inconvenient place for MCM to send communications, it also implies that everywhere that is not her email is similarly inconvenient. This preference goes beyond what the statute enables consumers to restrict. Therefore, Ms. Lusk's first argument fails.

Ms. Lusk's second argument similarly fails to provide an avenue for relief. As noted by MCM, the regulation cited by Ms. Lusk (12 C.F.R. § 1006.14) does not apply to the statute under which she seeks relief. Rather, § 1006.14 applies to "Harassment or abuse" which is enshrined in § 1692d of the statute. Ms. Lusk's claim is brought under § 1692c of the statute which applies to "Communication in connection with debt collection" and is

---

[4] *See White*, 2024 WL 365404, at 2 ("But the statute does not require that the debt collector comply with [a] [p]laintiff's preferences. Instead, it simply prohibits communications at unusual times or places which should be known to be inconvenient to the consumer").

implemented by § 1006.6 of the regulation. Therefore, Ms. Lusk's second argument also fails to provide support for her claim.

Finding that Ms. Lusk cannot state a claim for which relief may be granted, MCM's Motion to Dismiss is GRANTED.

### IV.   Conclusion

Finally, in response to the Motion to Dismiss Ms. Lusk improperly includes an alternative request for leave to amend complaint (Doc. No. 20, p. 11). "[A] plaintiff may not amend her complaint via a response brief." *Bekkem v. McDonough*, 2023 WL 3903920, at *2 (W.D. Okla. June 8, 2023) (citing *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) ("[W]e have repeatedly held that a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based"). Additionally, "Local Civil Rule 15.1 provides that a party seeking leave to amend must file a separate motion 'attaching the proposed pleading as an exhibit to the motion,' and stating whether any other party objects to the motion.'" *Id*. (internal citations omitted). That said, "Where dismissal is granted for failure to state a claim, the Court should grant leave to amend freely 'if it appears at all possible that the plaintiff can correct the defect.'" *Id*. (internal citations omitted).

Here, while the Court is hesitant to allow Ms. Lusk an opportunity to amend her Complaint due to her lack of a required motion the first time she amended her Complaint (Doc. No. 15-16), it is unclear whether leave to amend would be futile as MCM suggests (Doc. No. 17, p. 7). Therefore, the Court will permit Ms. Lusk to file a proper motion for

leave to amend the Complaint on or before September 27th, 2024.

Accordingly, the Court DENIES Ms. Lusk's Motion to Strike, and GRANTS MCM's Motion to Dismiss (Doc. No. 17) without prejudice. Ms. Lusk is permitted to file a proper motion for leave to amend on or about September 27th, 2024. Should Ms. Lusk fail to timely seek leave to amend, this case will be closed.

IT IS SO ORDERED this 12th day of September, 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE